■ George M. Taylor & Son, Inc., Appellant, v Hudson Valley Staff Leasing Corp. et al., Respondents. [686 NYS2d 784] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Bernhard, J.), dated September 22, 1997, which denied its motion for summary judgment and granted the defendants' respective cross motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the defendants' respective cross motions are denied, the plaintiff's motion is granted, and the matter is remitted to the Supreme Court, Dutchess County, for a hearing and determination on the issue of damages.

In March 1991 the plaintiff entered into an employee leasing agreement with the defendant Hudson Valley Staff Leasing

Corp. (hereinafter HVSL). The plaintiff terminated the agreement in December 1994 and, thereafter, commenced this action to recover amounts allegedly overcharged by HVSL under the contract. The plaintiff claimed that HVSL failed to advise it that the Federal Unemployment Insurance Tax (hereinafter FUTA) and the State Unemployment Insurance Tax (hereinafter SUTA) were payable only on the first $7,000 of an employee's wages in any particular year, and that even after an employee had earned $7,000 in wages, HVSL did not reduce its fee and continued to charge the same fee.

In his answers to the plaintiff's first set of interrogatories, the president of HVSL admitted that the contract provided for an adjustment of HVSL's fee percentages to reflect any statutory increase or decrease in employment tax. He also agreed that FUTA and SUTA are employment taxes. The plaintiff contends that once an employee had earned $7,000 in wages in a particular year and FUTA and SUTA no longer has to be paid on that employee, a statutory decrease in employment tax occurs, requiring HVSL to reduce its fee rate percentage. HVSL contends that such an event does not constitute a "statutory decrease" in employment tax within the meaning of the contract, that it charged the plaintiff a flat rate percentage under the contract, and that no overcharge occurred for which the plaintiff is entitled to recover.

The Supreme Court denied the plaintiff's motion for summary judgment and granted the defendants' cross motions for summary judgment dismissing the complaint. We reverse.

The crux of this litigation is whether the phrase "statutory decrease" encompasses a situation where an employee earns more than $7,000 in a particular calendar year and, therefore, the payment of FUTA and SUTA ceases for any amount of wage over and above $7,000. The record shows that HVSL sent proposals to the plaintiff which did not give a breakdown of the several employment taxes for each of the category of workers. Moreover, the proposal stated, "HVSL Billing Rate includes— WAGES/WORK COMP/FICA/FUTA/SUTA/FEE". HVSL admits that when an employee reached the $7,000 wage limit and HVSL no longer had to pay unemployment insurance tax on that employee, HVSL experienced additional income.

Clearly, if HVSL's billing included FUTA and SUTA, and HVSL was no longer paying these employment taxes upon an employee reaching the $7,000 wage limit, then HVSL should have reduced its fee percentages to reflect the fact that those taxes were not being paid. Since, pursuant to statute, after an employee reaches the $7,000 limit, the unemployment insur-

ance tax is no longer applicable (i.e., the tax is reduced to zero), a "statutory decrease" in the tax occurs, entitling the plaintiff to a reduction in the fee percentage.

HVSL's contentions that it gave the plaintiff a flat rate and that a statutory change only occurs on January 1st of each year are without merit. The record shows that HVSL's fee rate changed even within the year.

Accordingly, the plaintiff was entitled to summary judgment. Bracken, J. P., Santucci, Friedmann and Florio, JJ., concur.